IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:19-CV-34-FL

| | |
|---|---|
| KAROL HUFFMAN, on behalf of herself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TEAM CAROLINAS, INC. and OSMAN QASIM, )<br>)<br>Defendants. ) | ORDER |

This matter is before the court upon plaintiff's motions to send notice to similarly situated employees (DE 22) and to expedite consideration of motion to send notice (DE 24). After plaintiff filed the instant motions, the parties filed a joint motion to stay proceedings (DE 28), wherein they requested a stay while they attempted to negotiate a class-wide resolution of this case. According to the joint motion, if the parties were unable to resolve this case by the end of the stay, then defendants consented to entry of an order 1) conditionally certifying this case as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and 2) authorizing plaintiff to send notice, through the Notice and Consent Form ("the Notice") attached to the joint motion, to all current and former delivery drivers employed by the defendants within the three years preceding the date of service of the complaint. (See Joint Motion (DE 28) at 3-5).

Thereafter, the court entered order (DE 29) granting a stay and memorializing the terms of the parties' joint motion. On December 19, 2019, the parties filed a joint status report (DE 38), wherein they indicated their attempt at resolution was unsuccessful. The parties further indicated their readiness to proceed under the terms set forth in their joint motion.

Accordingly, the court ORDERS as follows:

1) The court LIFTS the stay of this case.

2) The court GRANTS plaintiff's motion to send to notice to similarly situated employees. (DE 22). Pursuant to the terms of the parties' joint motion (DE 28), and the court's May 22, 2019, order memorializing the same, the class shall include: All similarly situated current and former delivery drivers employed by defendants, within the three years preceding the date of service of the complaint, who elect to opt-in to this action and who have not previously released all of their FLSA claims. Plaintiff is ALLOWED to send the Notice, as attached to the parties' joint motion for stay (DE 28), by the methods of distribution discussed therein. Following plaintiff's mailing of the Notice, the opt-in period will last 75 days.

4) The court DENIES AS MOOT plaintiff's motion to expedite consideration (DE 24).

5) All stipulations between the parties as set forth in their joint motion for stay (DE 28) and joint status report (DE 38) shall be binding on the parties, subject to further orders of the court.

6) Where the court entered initial scheduling order April 23, 2019, the court DIRECTS the parties to confer and file a joint report and plan, as described in the court's initial scheduling order, proposing deadlines and remaining discovery limitations, as well as any other pertinent matters to deadlines and discovery not specified in the court's initial scheduling order, not later than **14 days** from the date of this order. Thereupon the court will enter such further order as is warranted regarding scheduling.

SO ORDERED, this the 9th day of January, 2020.

LOUISE W. FLANAGAN
United States District Judge